ENSIGN D. STEVENS *vs.* LOVETT TAFT & another.

There is no presumption in favor of a meeting of a proprietary, called only nine years since by a justice of the peace, on the application of five persons representing themselves to be proprietors, that the petitioners were in fact proprietors.

WRIT OF ENTRY, dated May 17th 1851, to recover three tracts of land in Sheffield, in the first division of the lots of the Lower Housatonic Proprietary. Plea, nul disseizin. Trial before *Metcalf*, J. who made the following report of the only point decided by the court:

The demandant claimed title under pitches made by Jonathan C. Stevens in 1843 and 1850, and a subsequent deed from said Jonathan to him. It was proved or admitted that the clerk of the Lower Housatonic Proprietary died in 1835, and that there were no meetings of the proprietary between 1835 and 1842; that in 1842 five persons, describing themselves as proprietors, signed a petition to a justice of the peace to call a meeting of the proprietary, and such a meeting was called, and a reorganization of the proprietary effected. But there was no evidence that Shaler Trowbridge, one of these five petitioners, was or ever had been a proprietor.

The demandant contended that the legal presumption was that all the petitioners for the meeting of 1842 were proprietors. But the judge ruled " that, as said meeting was called only nine years before the commencement of this suit, it was necessary that proof of some kind should be adduced that the five petitioners for the meeting were proprietors; whatever the legal presumption might be, in the absence of all proof, in an ancient transaction." A verdict was returned for the tenants.

*J. Rockwell & J. E. Field*, for the demandant.

*I. Sumner & B. Palmer*, for the tenants.

DEWEY, J. The title of the demandant was attempted to be established by a conveyance from Jonathan C. Stevens, purporting to convey to the demandant certain lands surveyed and laid out to him since 1842 upon a tract or parcel of land formerly belonging to the Lower Housatonic Proprietary. These locations,

we understand, were made under the reorganization of the proprietors in 1842. That reorganization took place, upon an application to a justice of the peace, in writing, signed by five persons describing themselves as proprietors of the Lower Housatonic Proprietary, requesting the justice to issue his warrant for calling a meeting of the proprietors for the purpose of organizing anew, the former clerk having died seven years previous, and no subsequent meetings having been held. The question here is, not whether the proprietary, as such, continues in existence as a corporate body, capable of being reorganized, as to its officers, at a meeting legally called, notwithstanding a vacancy in its offices for a long period; but whether the proper measures were taken in 1842 to reorganize the proprietary and to fill its vacant offices.

The authority for calling such meetings must be found either in *St.* 1783, *c.* 39, or in Rev. Sts. *cc.* 43, 44. The *St.* of 1783, *c.* 39, seems to have more directly provided for this case. By that statute it was enacted that whenever any five, or a major part of the proprietors of lands lying in common, should judge a proprietors' meeting to be necessary, they might make a written application to a justice of the peace for a warrant calling such meeting. This statute seems to have been directly repealed by the general repealing act found in the Rev. Sts. p. 814. Its general provisions were doubtless intended to be embodied in *c.* 43 of Rev. Sts. in which the number of five petitioners is retained for petitioning to a justice for a warrant for a meeting to organize, though such organization is apparently the original organization. Section 5 provides that future meetings may be called agreeably to the orders and by-laws of such proprietors. In conformity with this is also the provision in *c.* 44, as to corporations generally, authorizing corporations by their by-laws to provide the mode of calling future meetings.

This proprietary had held no meeting previously to 1842 since the enacting of the revised statutes, and, so far as the facts appear by the report of the case, had no by-laws providing the mode of calling future meetings. Assuming, however, as seems to have been conceded in the argument, that such future meeting of

Stevens *v.* Taft & another.

these proprietors might have been legally called upon the application of five of the proprietors to a justice, who might thereupon issue his warrant for such meeting; the further question is, Was it so called? The position taken by the demandant is, that, inasmuch as five persons, describing themselves as proprietors in the Lower Housatonic Proprietary, have signed a written application to a justice of the peace, requesting him to call a meeting of the proprietary, and the justice had thereupon granted a warrant for such meeting, the legal presumption is, that all the five petitioners were in fact proprietors. This position, we think, is not tenable. The magistrate, who issues such warrant on the application of five persons representing themselves as members of a corporation, does not pass upon the question whether such persons are legal members of such corporation, or whether such meeting is, when assembled, a legal one, and competent to act on the business for which it is assembled. All this is left for future adjudication in the judicial tribunals. This is necessarily so, as the proceedings on the application for a warrant are *ex parte.*

We are of opinion, therefore, that it was incumbent on the demandant to establish by competent evidence that the five petitioners for such meeting were proprietors in the Lower Housatonic Proprietary, before effect could be given to the acts of the proprietors assembled at the meeting convened in pursuance of such warrant from a justice of the peace; that the validity of the votes of the proprietors, when thus assembled, is wholly dependent upon the fact of its being legally called; and that in the present case it was not legally called, if any one of the five petitioners was not a proprietor. As to one of these, there was no evidence that he then was, or ever had been a proprietor In this state of the case, the presiding judge properly ruled that in reference to such meeting, recent in its date, (however the rule might be in reference to ancient transactions,) the burden was on the party claiming rights under the votes of such meeting to show that it was called on the petition of five actual proprietors, and that proof of some kind, to show that fact, must be adduced to sustain the issue. *Judgment on the verdict.*